# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-480V
(not to be published)

| | | |
|---|---|---|
| E.S., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 10, 2021 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Robert J. Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioner.

*Sarah Duncan*, U.S. Department of Justice, Washington, D.C., for Respondent.

**DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS**[1]

On April 4, 2017, E.S. filed a petition on her behalf seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered autonomic dysfunction, manifesting in a wide variety of conditions and symptoms (including headaches, chronic fatigue syndrome ("CFS"), postural orthostatic tachycardia syndrome ("POTS") and small fiber neuropathy ("SFN"), after receipt of the human papillomavirus ("HPV") and hepatitis A vaccines in July 2014, with the same symptoms plus a

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

cardiac condition and aggravation of preexisting diabetes mellitus after receiving another HPV vaccine dose along with the influenza ("flu") vaccine in August 2015. *Id.* at 1.

The claim was litigated for several years, and after reviewing the evidence I determined that the matter was amenable to disposition via ruling on the record. After the parties completed briefing the matter, I issued a decision denying entitlement to compensation. *See* Decision, dated November 13, 2020. ECF No. 119 (the "Decision"). Petitioner appealed my determination, but her motion for review was denied. ECF No. 136. Petitioner did not opt for further appeal.

E.S. previously sought an interim award of fees in April 2017, but the matter was then not even two months old. ECF No. 10. I therefore did not find that an interim fee award was justified, and instead deferred resolution of the request until a later time. ECF No. 15. Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated October 17, 2021 (ECF No. 142). Petitioner requests a total of $255,516.28 in attorney's fees and costs, based on the work of Mr. Andrew Downing, the attorney who represented her at the outset (a total of $15,456.47), plus Mr. Robert Krakow (the attorney who appeared thereafter) and his associate, Elan Gerstmann, plus paralegals (a total of $240,059.81). ECF Nos. 10 at 2, 142 at 26.

Respondent reacted to the fees request on November 1, 2021. *See* Response, November 1, 2021 (ECF No. 143). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply on November 1, 2021, urging prompt action on the motion. *See* Reply, dated November 1, 2021. ECF No. 144.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$242,973.75**.

## ANALYSIS

I.  **Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis to entitle her to a fees and costs award. Petitioner's medical history established not only that she received the vaccines at issue, but also that she had experienced a variety of conditions and symptoms – and although not all were preponderantly established, she was able to show consistent health issues in her post-vaccination period. She offered *some* reasonable expert support for her claim, moreover, and some of her theories, however unpersuasively established, warranted a fair hearing. In addition, SFN and CFS are injuries for which other petitioners have received compensation, further bulwarking my conclusion that the objective proof offered for this claim did not render it a nullity from the start (despite its dismissal).

Accordingly, and in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

reason otherwise to deny a fees award, I will allow one herein, subject to some additional adjustment.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|   | **2016** | **2017** | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|---|---|
| **Andrew Downing (Attorney)** | $350.00 | $375.00 | - | - | - | - |
| **Downing Paralegal** | $100.00 | $135.00 | - | - | - | - |
| **Robert Krakow (Attorney)** | - | $435.00 | $450.00 | $464.00 | $484.00 | $509.00 |

4

| | | | | | | |
|---|---|---|---|---|---|---|
| **Elan Gerstmann (Attorney)** | - | - | - | $425.00 | $445.00 | $475.00 |
| **Krakow Paralegal** | - | $140.00 | $150.00 | $156.00 | $163.00 | $172.00 |

ECF Nos. 10 at 19; 142 at 11.

Mr. Downing practices in Phoenix, Arizona, and Mr. Krakow and his paralegal practice in New York, New York - both jurisdictions that have been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Johnson v. Sec'y of Health & Hum. Servs.*, No. 15-643V, 2018 WL 2772684, at *2 (Fed. Cl. Spec. Mstr. Apr. 13, 2018); *Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2018 WL 1835104, at *3 (Fed. Cl. Spec. Mstr. Feb. 16, 2018). The requested rates for Mr. Downing are consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *See Perekotiy v. Sec'y of Health & Hum. Servs.*, No. 16-997V, 2020 WL 6395509, at *3 (Fed. Cl. Spec. Mstr. Sept. 29, 2020). This is also true for the requested rates for Mr. Krakow and his paralegals. *Jones v. Sec'y of Health & Hum. Servs.*, No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter by both sets of attorneys reasonable, and will therefore award it without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

Petitioner seeks $1,637.47 for Mr. Downing, and $54,312.11 for Mr. Krakow (a total of $55,949.58) in outstanding costs incurred since the date of filing, including medical record retrieval costs. I do not find any of the requested costs incurred by Mr. Downing unreasonable, and all are substantiated.

Mr. Krakow's costs also included the mundane sorts of expenses associated with litigation and incurred by Mr. Downing, like medical record retrieval costs, but *also* costs associated with the work of experts Lawrence Steinman, M.D. and Sin Hang Lee, M.D. ECF No. 142 at 20–25. Dr. Steinman authored three expert reports (ECF Nos. 47, 85), and submitted an invoice for a total of $22,000.00 for 44 hours of work. Although his invoice requested a rate of $550 per hour, the $22,000.00 figure seems to have been calculated at a lower rate ($500 per hour). ECF No. 142 at 149. I find, however, that Dr. Steinman's overall expertise entitles him to the higher hourly sum of $550. *Anderson v. Sec'y of Health & Human Servs.*, No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020). Therefore, for a total of 44 hours worked at a rate of $550 per hour, Petitioner shall be awarded a total of $24,200.00.

Dr. Lee authored two expert reports (ECF No. 55, 78) and billed 63 hours of additional work, at a rate of $500 per hour, which amounts to $31,500.00. ECF No. 142 at 151. But I am not prepared to award this sum without reduction. First, Dr. Lee is not an experienced Program expert, having only provided two other opinions outside of this matter *See Bravo v. Sec'y of Health & Hum. Servs.*, No. 17-501V, 2020 WL 1675710, at *3 (Fed. Cl. Spec. Mstr. Feb. 19, 2020)*; Gomez v. Sec'y of Health & Hum. Servs.*, No. 15-160V, 2015 WL 9597899, at *1 (Fed. Cl. Spec. Mstr. Dec. 15, 2015). Second, there is no authority establishing the appropriateness of the requested rate. In *Bravo*, $500 per hour for Dr. Lee's work was sought in the context of an interim fees request. *Bravo*, 2020 WL 1675710, at *3. The special master found that Dr. Lee had much less experience, if any, in the Vaccine Program and advised petitioner to submit evidence to support this hourly rate, and deferred determination of the issue. *Id.*

Finally, I did not find Dr. Lee's opinion to be well constructed or helpful to my resolution of the case. Indeed, I identified several errors of logic and reasoning in it, and the opinion he attempted to set out (that a vaccine could exacerbate someone's Type I diabetes) has not found favor in *any* prior cases—and was not herein supported by novel reliable literature that suggested the question should be revisited. Decision at 48, 50.

Accordingly, it is not appropriate to award Dr. Lee a full fee for his work on the matter, and at the rate requested. I will instead pay him at a lesser rate—$400 per hour—and grant only 60 percent of the requested hours, for $15,120.00.[6] And it would be advisable in future cases that

---

[6] The initial requested costs for Dr. Lee were $500.00 per hour x 63 hours = $31,500.00. Instead, if his rate is $400.00 per hour x 63 hours = $25,200.00. Granting 60% of the that sum is $25,200.00 x 0.6 = $15,120.00.

6

he avoid providing the same kind of opinion, unless a petitioner wishes to risk an even lower award.

Otherwise, I do not find any of the other requested costs in this matter incurred by Mr. Krakow's firm to be unreasonable. The medical record retrieval costs are typical in Program cases and are thus eligible for reimbursement. Mailing and Distribution costs are also typical, and I do not find any of the requested costs unreasonable. Thus, they shall also be awarded in full without reduction.

### Comment on Fees and Costs in HPV Vaccine Injury Claims

Although this case had sufficient reasonable basis for a fees award, I have decided enough cases involving HPV vaccines and allegations of dysautonomia to recognize the inherent weakness of the claim. *See generally McKown v. Sec'y of Health & Hum. Servs.*, No. 15-1451V, 2019 WL 4072113, at *44–45 (Fed. Cl. Spec. Mstr. July 15, 2019) (finding that Petitioner failed to offer a persuasive, reliable medical theory in support of her claim that the HPV vaccine she received caused her to suffer POTS and eczema); *Johnson v. Sec'y of Health & Hum. Servs.,* No. 14-254V, 2018 WL 2051760, at *22–28 (Fed. Cl. Spec. Mstr. Mar. 23, 2018) (finding petitioner unsuccessful in establishing that the HPV vaccine could cause POTS or any similar symptoms of orthostatic intolerance); *Combs v. Sec'y of Health & Hum. Servs.*, No. 14-878V, 2018 WL 1581672, at *18–20 (Fed. Cl. Spec. Mstr. Feb. 15, 2018) (finding that petitioner's causation theory that the HPV vaccine could damage the autonomic nervous system was unsuccessful); *see also Otto v. Sec'y of Health & Hum. Servs.,* No. 16-1144, 2020 WL 4719285, at *3 (Fed. Cl. Spec. Mstr. June 17, 2020) (granting petitioner's dismissal of the petition but finding insufficient evidence in the record for petitioner to meet his burden of proof, and insufficient reliable scientific proof offered in support of his causation theory). The theory that the HPV vaccine can harm the autonomic nervous system and produce a variety of injuries or illnesses (SFN, POTS, CFS, etc.) is simply not well substantiated, and reflects more a coincidence between onset of symptoms and date of vaccination than a causal relationship. Although medical science may in future cases be offered that changes my view, the prospect of such discoveries is unlikely.

For this reason, counsel are forewarned to take care in litigating HPV cases with the degree of vigor that was demonstrated herein. I will be far more inclined to deny fees in cases not yet filed that trod the same ground but without any new and far more reliable scientific or medical evidence to support the claim.

7

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$242,973.75,** reflecting $199,566.70 in attorney's fees ($13,819.00 for Mr. Downing and $185,747.70 for Mr. Krakow) and $43,407.05 in attorneys' costs (requesting $1,637.47 for Mr. Downing and $41,769.58 for Mr. Krakow) in the form of a check made jointly payable to Petitioner and her attorneys Mr. Andrew Downing and Mr. Robert Krakow.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.